## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER ROSA, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | Case No. 3:22-cv-1260 (SVN) |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| *Respondent*. | : | |

## RULING AND ORDER ON PENDING MOTIONS

Petitioner Alexander Rosa, who was formerly incarcerated within the Connecticut Department of Correction ("DOC") and is now in a release program at Isaiah House,[1] filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 against Respondent, the Commissioner of the DOC. Pet., ECF No. 1. Petitioner challenges a disciplinary sanction imposed by the DOC resulting in the loss of risk reduction earned credits. *Id.* at 6. The original petition raises four grounds for relief, all of which center on allegations that the DOC's disciplinary proceeding violated the Due Process Clause of the Fourteenth Amendment and that further due process violations have occurred in his related state habeas proceeding. *Id.* at 6–8.

Respondent has moved to dismiss the petition, arguing that Petitioner failed to exhaust his state court remedies. ECF No. 19. In addition to opposing Respondent's motion to dismiss, Petitioner has filed a motion to amend his habeas petition, ECF No. 15; two motions to stay this matter pending exhaustion of his state court remedies, ECF Nos. 21, 31; and a motion seeking leave to reply to Respondent's opposition to his first motion to stay, ECF No. 30. Because the reply brief at ECF No. 30 was timely filed in compliance with D. Conn. L. Civ. R. 7(d), Petitioner

---

[1] Isaiah House is a nonprofit halfway house and work release program. *See Williams v. Cook*, No. 3:20-CV-663 (AVC), 2020 WL 5649406, at *2 (D. Conn. Aug. 10, 2020). The Court notes that, according to publicly available information on the DOC's website and Petitioner's latest change of address notices, Petitioner is at Isaiah House and will complete his sentence by January 11, 2024. *See* ECF Nos. 45, 52; *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (taking judicial notice of "relevant matters of public record"). Petitioner's release to Isaiah House does not deprive the Court of jurisdiction over his petition, nor does it render the petition moot. *See Dhaity v. Warden*, 5 F. Supp. 3d 215, 221 (D. Conn. 2014).

need not have sought permission from the Court before filing it.  Accordingly, the Court DENIES AS MOOT Petitioner's motion at ECF No. 30, and the Court will consider the merits of the arguments raised in that brief.  In addition, for the following reasons, the Court GRANTS Petitioner's motion to amend his habeas petition at ECF No. 15, GRANTS Respondent's motion to dismiss at ECF No. 19, and DENIES Petitioner's motions to stay at ECF Nos. 21 and 31.

## I.   FACTUAL BACKGROUND

On July 2, 2019, while in the custody of the DOC, Petitioner was charged with refusing housing. *Rosa v. Comm'r of Corr.*, No. TSR-CV19-5000411-S, 2022 WL 1045637, at *1 (Conn. Super. Ct. Apr. 1, 2022).  According to the charge, Petitioner refused to remain housed in his cell because he claimed he had a bottom bunk pass and because he had experienced conflicts with his cellmate.  *Id.*  After the incident, he was escorted to restrictive housing, *id.*, where he became agitated and refused to comply with the correctional officers' verbal commands, *id.* at *2.  He was then charged with interfering with safety and security.  *Id.*

Two disciplinary investigation reports, both dated July 8, 2019, and signed by Petitioner, recommended finding him guilty of refusing housing and interfering with safety and security by obstructing the execution of a correctional officer's duties.  *Id.* at *1–2.  Petitioner met with his "advisor" and informed him that he was not refusing housing and that he wanted DOC staff "to honor the bottom bunk pass he had been prescribed by the medical team."  *Id.* at *1.  Petitioner also informed his advisor that he "had been mentally unstable" at the time he was escorted to restrictive housing.  *Id.* at *2.

A disciplinary hearing was held on August 8, 2019, and a disciplinary process summary report was prepared by the hearing officer, Lieutenant Betances.  *Id.*  Although another correctional

2

officer confirmed that Petitioner had a bottom bunk pass from the medical team, Lieutenant Betances observed that Petitioner "had been using the top bunk for over two weeks prior to the incident without issue and still refused to return to his assigned bunk." *Id.* In addition, Lieutenant Betances observed that Petitioner "became extremely belligerent and refused to participate in the hearing." *Id.* Lieutenant Betances found Petitioner guilty of refusing housing and interfering with safety and security and sanctioned him to a total forfeiture of thirty risk reduction earned credits, as well as other privileges. *Id.*

In total, Petitioner has filed four habeas petitions in Connecticut state court. Two of them, TSR-CV21-5000871-S and TSR-CV23-5001460-S, pertain to his underlying convictions and thus do not appear to be relevant to his disciplinary sanction. *See* Civ. No. 3:22-cv-1226 (SVN).

The other two petitions appear to be relevant to the disciplinary sanction. On October 25, 2019, Petitioner filed a habeas petition in Connecticut state court related to his disciplinary sanction, TSR-CV19-5000411-S. On April 1, 2022, the state habeas court denied the petition. *Rosa*, 2022 WL 1045637, at *4. Soon thereafter, Petitioner filed an appeal with the Connecticut Appellate Court, AC 45524; according to the public docket, that appeal is still pending. Petitioner filed what appears to be an interlocutory petition for certification with the Connecticut Supreme Court, SC 220141, which was subsequently dismissed, *Rosa v. Comm'r of Corr.*, 345 Conn. 916 (2022). Separately, on September 9, 2022, Petitioner filed the fourth habeas petition in Connecticut state court, TSR-CV22-5001303-S. On June 7, 2023, the state habeas court dismissed that petition as moot.

On October 11, 2022, Petitioner initiated this federal habeas petition pursuant to § 2241. Pet. at 1. The original petition raised four grounds for relief: first, that the DOC's disciplinary

proceeding violated the Due Process Clause because he was not provided an advocate or an opportunity to present witnesses or evidence; second, that the state habeas court violated the Due Process Clause by allowing perjured testimony; third, that the state habeas court violated the Due Process Clause by preventing Petitioner's access to the courts; and fourth, that the Connecticut Appellate Court violated the Due Process Clause by denying Petitioner's motions to appoint counsel.  *Id.* at 6–8.  Thereafter, Petitioner filed a motion for leave to file an amended petition, representing that the amended petition corrects various errors contained in the original petition regarding the history of his state court habeas proceedings.  ECF No. 15.  The amended petition rephrases Petitioner's grounds for relief, but they are substantively the same as the grounds raised in the original petition in all material respects.  *See* Am. Pet., ECF No. 15-1, at 5–10.  Respondent then filed the present motion to dismiss, contending that Petitioner has not exhausted his available state court remedies.  ECF No. 19.  In addition to opposing the motion to dismiss, Petitioner filed two motions to stay this matter pending exhaustion of his state court remedies.  ECF Nos. 21, 31.

Because Respondent has not opposed Petitioner's motion to amend, and because Respondent's motion to dismiss directed at the original petition may be applied to the amended petition, the Court GRANTS Petitioner's motion to amend the petition.  *See* Fed. R. Civ. P. 15(a); *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008). The Court considers the merits of the remaining motions below.

## II.   LEGAL STANDARD

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6).  *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018) (reviewing motion to dismiss § 2254

4

petition under Fed. R. Civ. P. 12(b)(6)).  To survive dismissal, the petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed the present petition *pro se*, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  "Despite the special solicitude that the Court must show [Petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (italicization added; citation and internal quotation marks omitted).

In considering a motion to dismiss, the court typically may consider only the complaint, or, here, the petition.  The petition, however, "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed "integral" to it.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations and internal quotation marks omitted).  *See also Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (explaining that, in considering a motion to dismiss, "the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies

and which are integral to the complaint"). Accordingly, here, the Court will consider documents submitted by the parties and available in the public record relevant to the various state court proceedings underlying the procedural history of this case.

## III.   DISCUSSION

### A.   Statutory Basis of the Petition

As a preliminary matter, the Court observes that, although Petitioner cites § 2241 as the basis of his petition, *see* Am. Pet. at 1, the proper basis of his petition is 28 U.S.C. § 2254. That statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), permits a state prisoner to bring a petition for writ of habeas corpus in federal court claiming that the imposition or execution of his sentence violates the Constitution or federal laws. 28 U.S.C. § 2254(a); *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). A petition brought under the traditional habeas statute, § 2241, is not subject to AEDPA's stringent exhaustion requirement, although a § 2241 petition is subject to a judicial exhaustion requirement. *James*, 308 F.3d at 166; *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Steward v. Wolcott*, No. 20-CV-6282 (FPG), 2020 WL 2846949, at *1 (W.D.N.Y. June 2, 2020) (explaining the difference between AEDPA's exhaustion requirement for a § 2254 petition and the judicial exhaustion requirement for a § 2241 petition).

A federal habeas petitioner in state custody cannot avoid AEDPA's requirements by improperly citing § 2241 as the basis for his petition. Rather, the Second Circuit has held that, when the substance of a petition falls within the broad category of claims permitted under § 2254, the petitioner *must* bring the petition under § 2254 and comply with AEDPA's requirements. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (explaining that a state prisoner

challenging the execution of his sentence "not only may, but according to the terms of section 2254 must," bring the challenge under § 2254.  In other words, when a state prisoner seeks to challenge the execution of his sentence, a § 2241 petition is "unavailable" to him.[2]  *Id.*; *see also Griffin v. Cook*, No. 3:20-cv-589 (JAM), 2020 WL 2735886, at *3 (D. Conn. May 26, 2020) ("The Second Circuit has ruled that section 2254 is the exclusive procedural pathway for a sentenced state prisoner's challenge in federal court to the execution of her sentence.").

"It is the substance of the petition, rather than its form, that governs."  *Cook*, 321 F.3d at 278 (quoting *James*, 308 F.3d at 166) (alteration and internal quotation marks omitted). Accordingly, "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Id.* (citing *James*, 308 F.3d at 166).  *See also Llewellyn*, 2020 WL 2525770, at *4 ("The Court is not bound by [the petitioner's] choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the petition to one filed pursuant to Section 2254.").

Here, Petitioner challenges the loss of good time credit; this challenge pertains to the execution of his sentence by affecting the overall duration of his confinement.  Courts in this Circuit have held that habeas petitions brought by state prisoners challenging the loss of good time credit relate to the execution of their sentences and thus should be brought pursuant to § 2254.

---

[2] At least one case in this District suggests that a state prisoner can bring a § 2241 petition under limited circumstances, specifically, when he seeks to challenge the conditions of his confinement, rather than the fact of his confinement. *See McPherson v. Lamont*, 457 F. Supp. 3d 67, 75 (D. Conn. 2020).  As explained above, however, Petitioner's claim relating to the loss of good time credit addresses the duration of his confinement and thus cannot be construed as addressing the conditions of his confinement.  *See Llewellyn v. Wolcott*, No. 20-CV-498 (JLS), 2020 WL 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020).

*Jenkins v. Duncan*, No. 9:02-CV-0673 (LEK) (GLS), 2003 WL 22139796, at *3 (N.D.N.Y. Sept. 16, 2003) (construing a state prisoner's habeas petition challenging the loss of good time credits as challenging the execution of his sentence and thus arising under § 2254 rather than § 2241); *Savage v. Snow*, 575 F. Supp. 828, 834 (S.D.N.Y. 1983) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), for the proposition that "a state prisoner seeking restoration of good time credits must bring an action for a writ of habeas corpus under 28 U.S.C. § 2254"). *See also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (in the context of a federal prisoner's habeas petition, noting that challenges to the execution of a sentence include matters such as prison disciplinary actions); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (holding that § 2254 was the proper vehicle for a state prisoner to challenge loss of good time credit in a prison disciplinary proceeding). Accordingly, the Court will convert the present § 2241 habeas petition into a § 2254 habeas petition.[3]

### B. Exhaustion under § 2254 and AEDPA

Relevant here, AEDPA requires a state prisoner to exhaust all available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems by affording the state court the first opportunity to correct a constitutional violation. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *see also Martinez v. Ryan*, 566 U.S. 1, 9 (2012)

---

[3] The Court finds that, because Respondent's motion to dismiss raised the issue of converting the § 2241 petition into a § 2254 petition, Petitioner had sufficient notice of the issue and an opportunity to oppose the conversion or withdraw the § 2241 petition. *See Cook*, 321 F.3d at 282. Indeed, the Court observes that Petitioner appears to consent to the conversion. *See* ECF No. 35 at 2 ("Petitioner is also concluding he would like to amend his petition to a 28 U.S.C. § 2254 and/or would like the Court to accept this petition as a 28 U.S.C. § 2254 [petition].").

("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

To satisfy the exhaustion requirement, a habeas petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair opportunity to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A petitioner "fairly present[s]" his federal claim to the state court by "alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Henry*, 513 U.S. at 365–66). Specifically, the petitioner must have informed the state court of the factual premise of the federal claim by setting forth "all of the essential factual allegations," and he must have informed the state court of the legal premise of the federal claim by raising "essentially the same legal doctrine" in the state court. *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (citing, among others, *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)). Review in the highest court must be sought, even if such review is discretionary and unlikely to be granted, because the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented."). Failure to exhaust state court remedies may be excused only if "there is no opportunity to obtain redress in state court or if the

corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B).

In some instances, a federal habeas petition may be "mixed," meaning that it contains "both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). When presented with a mixed petition, a district court has discretion either to dismiss the petition in its entirety, or to stay the federal habeas proceeding to afford the petitioner an opportunity to exhaust his unexhausted claims in state court. *Id.* at 278–79; *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). Staying the federal habeas proceeding is generally disfavored because it frustrates the objectives of the exhaustion requirement, and a stay is therefore available "only in limited circumstances." *Rhines*, 544 U.S. at 277.

Here, the Court agrees with Respondent that none of the grounds in Petitioner's § 2254 petition have been exhausted. Out of Petitioner's four state habeas petitions, two of them do not pertain to the disciplinary sanction at issue. Of the remaining two, one was dismissed as moot, and the record does not indicate that that dismissal has been appealed. The final state habeas petition, TSR-CV19-5000411-S, was denied. *Rosa*, 2022 WL 1045637, at *4. According to Appellate Court's docket, the appeal of the denied petition, AC 45524, has not yet been resolved. Although Petitioner filed a petition for certification to the Connecticut Supreme Court, SC 220141, a review of that petition reveals that it pertained to the Appellate Court's refusal to appoint Petitioner *pro bono* counsel and access to legal materials. Thus, the merits of Petitioner's federal habeas claim have not yet gone through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner appears to concede that he has not exhausted his grounds for habeas relief, representing that he is "in the peak of exhaustion of state court remedies" at this time.  ECF No. 35 at 2.  Instead, he raises various other arguments in opposition to Respondent's motion to dismiss, including arguments regarding the merits of his grounds for habeas relief, but those arguments do not bear on the question of exhaustion of his state court remedies.

In addition, Petitioner asks the Court to stay this action pending exhaustion of his state court remedies.  ECF Nos. 21, 31.  But a stay is "available only in limited circumstances," generally when an initially timely habeas petition containing some exhausted claims and some unexhausted claims is at risk of becoming untimely if dismissed on exhaustion grounds.  *See Rhines*, 544 U.S. at 277.  Because the present petition is fully unexhausted, not mixed, a stay would not be proper.  *See Campbell v. Erfe*, No. 3:16-CV-1236 (AWT), 2016 WL 4926411, at *2 n.2 (D. Conn. Sept. 14, 2016) (declining to stay a habeas petition because it included no exhausted claims); *Bonner v. Superint., Five Points Corr. Facility*, No. 20-CV-6906 (FPG), 2021 WL 1946703, at *9 (W.D.N.Y. May 14, 2021) ("A stay-and-abeyance is only available under *Rhines* when the petitioner has brought a 'mixed petition' containing exhausted and unexhausted claims."); *Kalu v. New York*, No. 08-CV-4984 (NGG), 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) (collecting cases for the proposition that federal courts have declined to stay where a habeas petition contains only exhausted claims), *report and recommendation adopted sub nom. Ndukwe v. New York*, No. 08-CV-4984 (NGG) (RLM), 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010).  Accordingly, Petitioner's requests to stay this action must be denied.

Finally, to the extent Petitioner argues that exhaustion would be futile because the appellate review process will not be completed before his projected release date in January of 2024, such

argument is speculative and insufficient to satisfy the high bar of futility. Futility exists only "where there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), *aff'd*, 570 Fed. Appx. 42 (2d Cir. 2014) (summary order) (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)). While the Second Circuit has held that exhaustion may be futile in cases of inordinate delay, *see, e.g., Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991) (nine-and-one-half years' delay) and *Mathis v. Hood*, 851 F.2d 612, 614 (2d Cir. 1988) (six-year delay), it is not clear such a delay is present here. In any event, courts in this Circuit have declined to find exhaustion futile based on arguments that the sentence would be completed before the petitioner could exhaust his grounds for relief in state court. *E.g.*, *Mothersell v. Hanna*, No. 917-CV-0771 (GTS) (DEP), 2017 WL 4444040, at *3 (N.D.N.Y. Oct. 4, 2017); *Grefer v. Frank*, No. 917-CV-1299 (MAD) (TWD), 2021 WL 1198156, at *2 (N.D.N.Y. Mar. 30, 2021); *Nordahl v. Rivera*, No. 08 CIV. 5565 KMK LMS, 2010 WL 9444862, at *2 (S.D.N.Y. Apr. 7, 2010), *report and recommendation adopted*, No. 08-CV-5565 KMK LMS, 2013 WL 1187478 (S.D.N.Y. Mar. 21, 2013). In sum, Petitioner has not shown that he lacks any opportunity to obtain redress in state court or that the state process is so clearly deficient as to render futile any effort to obtain relief.

Thus, the Court finds the petition unexhausted and must grant Respondent's motion to dismiss the petition.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's motion for leave to reply, ECF No. 30, is DENIED AS MOOT, and his motion to amend the petition, ECF No. 15, is GRANTED. In addition,

Respondent's motion to dismiss, ECF No. 19, is GRANTED, and the Amended Petition, ECF No. 15-1, is DISMISSED without prejudice.  Petitioner's motions to stay, ECF Nos. 21 and 31, are DENIED.

The Clerk is instructed to close this case.  Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at Hartford, Connecticut, this 12th day of July, 2023.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE